UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

SHARON DENNIS )
)
v. ) NO. 2:04-CV-13
)
NORTHEAST CORRECTIONAL COMPLEX, )
JOHNSON COUNTY, TENNESSEE, and )
WARDEN HOWARD CARLTON )

**O R D E R**

This Section 1983 case is before the Court to address a Motion to Dismiss Amended Complaint filed by Northeast Correctional Complex and Warden Howard Carlton. [Doc. 9]. Specifically, the defendants allege that the amended complaint fails to allege any personal involvement on the part of the defendants in regard to the medical care of plaintiffs' decedent Rocky Hudson.

The Court first notes, *sua sponte*, that Northeast Correctional Complex is a non-person and is, therefore, not a suable entity in a § 1983 action. Therefore, it is hereby **ORDERED** that the plaintiff's complaint against the defendant Northeast Correctional Complex is **DISMISSED**.

In addition, the Court notes that the only allegation in the plaintiff's complaint in regard to the defendant Johnson County is that the plaintiff's decedent was in the custody of Johnson County. The Court takes notice that the plaintiff's complaint specifically alleges that the plaintiff's decedent was a prisoner at Northeast Correctional Complex which is a facility operated by the Tennessee Department of Corrections and not by Johnson County. Therefore, the plaintiff's decedent was not in the custody of Johnson County and because the plaintiff's complaint asserts allegations against Johnson County that are not facially correct, and does not otherwise allege facts upon which relief could be granted against Johnson County, it is hereby **ORDERED** the plaintiff's complaint against Johnson County is **DISMISSED**.

The plaintiff seeks injunctive and declaratory relief because the practices applied to the plaintiff's decedent were unconstitutional. Inasmuch as any such practices can no longer be applied to the plaintiff's decedent, this prayer for injunctive relief is **MOOT.** Because the plaintiff has demanded a jury trial, the jury will decide whether or not the practices applied to the plaintiff's decedent were unconstitutional and the plaintiff's request for declaratory relief is improper and is **DISMISSED**.

Although sovereign immunity bars a § 1983 suit for monetary damages against an official in his official capacity, a state defendant can be sued in his official capacity for injunctive and declaratory relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), *Northcott v. Plunkett,* 42 Fed.Appx. 795, 796, 2002 WL 1869425, *1 (6th Cir.(Tenn.)). Therefore, the plaintiff does not have a claim for monetary damages in regard to the defendant Carlton in his official capacity. In addition, this Court has dismissed plaintiff's claim for declaratory relief and found that plaintiff's claim for injunctive relief is moot. Accordingly, the plaintiffs' complaint against the defendant Carlton in his official capacity is **DISMISSED**.

The plaintiff contends that the following paragraph does allege personal involvement on the part of the defendant Carlton:

> 10. The conduct, practices, policies and/or procedures as applied to Decedent amount to a deliberated indifference to a serious medical need and caused Rodney Hudson's death.

This Court must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of her claims that would entitle her to relief. See *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996), cert. denied, 117 S.Ct. 2409 (1997). Construing the plaintiff's complaint in a light most

3

favorable to the plaintiff, accepting all factual allegations as true, this Court does not find that the plaintiffs undoubtedly can prove no set of facts in support of her claims that would entitle her to relief.  Accordingly, the defendant's motion to dismiss the defendant Carlton in his individual capacity is **DENIED**.

Contrary to the defendant's assertions, this Court does have pendent jurisdiction of the plaintiffs' state law claims.  Accordingly, the defendants' motion to dismiss the plaintiff's state law claims is **DENIED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE